IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-431-MR-DCK

| SARAH LOUISE MADISON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Judgment Remanding The Cause For A Rehearing" (Document No. 9) and "Defendant's Motion For Summary Judgment" (Document No. 10). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Judgment Remanding The Cause For A Rehearing" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I.  BACKGROUND

Plaintiff Sarah Louise Madison ("Plaintiff"), originally filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, on September 8, 2010, alleging an inability to work due to a disabling condition beginning April 10, 2010. (Transcript of the Record of Proceedings ("Tr.") 18, 97-106). Those claims were denied initially, and upon reconsideration. (Tr. 97). Following a hearing where

Plaintiff was represented by attorney Margaret DeVries of the Sasser Law Firm, Administrative Law Judge Stanley K. Chin ("ALJ Chin") issued a decision finding that Plaintiff was not disabled between April 2, 2010 and July 19, 2013. (Tr. 97-106). Apparently, Plaintiff did not appeal ALJ Chin's decision.

Plaintiff Madison now seeks judicial review of an unfavorable administrative decision on her renewed applications for disability benefits. (Document No. 1). On or about August 12, 2013, Plaintiff filed new applications for a period of disability and disability insurance benefits again under Title II and Title XVI of the Social Security Act, alleging an inability to work due to a disabling condition beginning July 23, 2013. (Tr. 18, 276, 280). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on November 18, 2013, and again after reconsideration on April 14, 2014. (Tr. 18, 199, 213, 221). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 213, 221).

Plaintiff filed a timely written request for a hearing on April 22, 2014. (Tr. 18, 231). On January 15, 2016, Plaintiff appeared and testified at a hearing before Administrative Law Judge Wendell M. Sims ("ALJ Sims"). (Tr. 18, 40-82). In addition, Celena Earl, a vocational expert

2

("VE"), and Evan Metaxatos, Plaintiff's attorney, also from the Sasser Law Firm, appeared at the hearing.  Id.

ALJ Sims issued an unfavorable decision on June 14, 2016, denying Plaintiff's claim.  (Tr. 15-35).  On July 11, 2016, Plaintiff filed a request for review of ALJ Sims' decision, which was denied by the Appeals Council on May 19, 2017.  (Tr. 1, 273).  ALJ Sims' decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of ALJ Sims' determination was filed in this Court on July 21, 2017.  (Document No. 1).  On August 1, 2017, the undersigned was assigned to this case as the referral Magistrate Judge.

"Plaintiff's Motion For Judgment Remanding The Cause For A Rehearing" (Document No. 9) and "Plaintiff's Memorandum In Support Of Her Motion For Judgment Remanding The Cause For A Rehearing" (Document No. 9-1) were filed January 3, 2018;  and "Defendant's Motion For Summary Judgment" (Document No. 10) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 11) were filed March 5, 2018. Plaintiff declined to file a reply brief, and the time to do so has lapsed.  See Local Rule 7.2 (e).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Martin Reidinger is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards.

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before ALJ Sims was whether Plaintiff was under a "disability," as that term of art is defined for Social Security purposes, at any time between July 23, 2013, and the date of

ALJ Sims' decision.[1]  (Tr. 19).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act.  <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled;  and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v).

The burden of production and proof rests with the claimant during the first four steps;  if claimant is able to carry this burden, the burden then shifts to the Commissioner at the fifth step to

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

5

show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, ALJ Sims determined at the fifth step that Plaintiff was not disabled. (Tr. 34).

First, ALJ Sims determined that Plaintiff had not engaged in any substantial gainful activity since July 23, 2013, her alleged disability onset date. (Tr. 21). At the second step, ALJ Sims found that "type II diabetes mellitus; acromioclavicular (AC) joint degeneration of the right shoulder; degenerative disc disease; arthritis; a history of carpal tunnel syndrome; hypertension; obesity; pain in the back, left knee, and right shoulder; cervical spondylosis; depression; and bipolar disorder" were severe impairments.[2] (Tr. 21). At the third step, ALJ Sims determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 21).

Next, ALJ Sims assessed Plaintiff's RFC and found that she retained the capacity to perform light work, with the following limitations:

> only occasional climbing, stooping, kneeling, crouching, and crawling; occasional overhead reaching with the right upper extremity; frequent but not constant handling and fingering with the dominant right upper extremity; avoid concentrated exposure to hazards; simple, routine, repetitive tasks in a stable environment at a nonproduction pace with occasional interpersonal interaction.

(Tr. 24). In making his finding, ALJ Sims specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id. ALJ Sims also stated that he "considered opinion evidence in accordance

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, 06-3p." Id.

At the fourth step, ALJ Sims held that Plaintiff could not perform her past relevant work as a Home Health Aide (Dictionary of Occupational Titles ("DOT") 354.377-014). (Tr. 33). At the fifth and final step, ALJ Sims concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 34). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included small parts assembler (DOT 706.684-022), electronics worker (DOT 726.687-010), and shipping and receiving weigher (DOT 222.387-034). (Tr. 34-35). Therefore, ALJ Sims concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between July 23, 2013, and the date of his decision, June 14, 2016. (Tr. 35).

**Assignment of Error**

Plaintiff on appeal to this Court makes just one assignment of error. (Document No. 9-1). Plaintiff asserts that ALJ Sims erred as a matter of law "by failing to address and consider the additional limitations in Mrs. Stewart's residual functional capacity found by the Commissioner's previous final decision." (Document No. 9-1, p. 7). Plaintiff then acknowledges that ALJ Sims gave the prior ALJ decision "great weight" but argues that failing "to incorporate *all* of that prior decision's RFC limitations into Madison's more recent RFC, is "an error which requires remand." Id. (emphasis added).

Plaintiff provides the following summary of applicable law:

> When the Commissioner adjudicates successive applications for disability benefits for separate periods of disability and her first final administrative decision contains findings of fact required by the Commissioner's regulatory mandated steps for the evaluation of

7

> disability . . . the ALJ adjudicating the second application must **consider** those prior administrative findings as evidence and **accord them the weight appropriate to the facts and circumstances relevant to the second, unadjudicated application**. Acquiescence Ruling 00-1(4): "*Albright v. Commissioner of the Social Security Administration*, 174 F.3d 473 (4th Cir. 1999) (interpreting *Lively v. Secretary of Health and Human Services*) – Effect of Prior Disability Findings on Adjudication of a Subsequent Disability Claim – Titles II and XVI of the Social Security Act (2000)."

(Document No. 9-1, p. 7) (emphasis added). See also Lail v Colvin, 5:13-CV-089-MR-DLH, 2014 WL 4793234, at *6 (W.D.N.C. Sept. 25, 2014)

Plaintiff again acknowledges that in adjudicating the second application ALJ Sims' gave ALJ Chin's prior decision "great weight pursuant to *Albright*, but ignores some of that decision's findings." (Document No. 9-1, p. 8) (citing Tr. 32). Plaintiff notes that ALJ Chin's decision included more limitations in the RFC than the more recent ALJ Sims decision. (Document No. 9-1, pp. 9-10). Specifically, Plaintiff argues that ALJ Sims "failed to incorporate" "ALJ Chin's restrictions for: occasional balancing; occasional bilateral reaching; occasional overhead reaching for both extremities, not just the right upper extremity; avoiding concentrated use of moving machinery; avoiding concentrated exposure to unprotected heights; and isolation from the public." (Document No. 9-1, p. 10) (citing Tr. 24, 101). Plaintiff concludes that this alleged failure requires remand. Id.

Defendant first argues that "[s]ubstantial evidence supports Defendant's decision, and Defendant applied the correct legal standards in reaching that decision." (Document No. 11, p. 5). "In particular, ALJ Sims properly evaluated the July 19, 2013, decision of ALJ Chin." Id. Defendant then effectively includes both RFC findings. (Document No. 11, p. 5).

ALJ Chin found for the period of April 2, 2010 through July 19, 2013, that Plaintiff had the RFC to perform light work with the following limitations:

> no climbing of ladders, ropes or scaffolds, occasional climbing of ramps and stairs, and occasional balancing, stooping, kneeling, crouching and crawling. The claimant is limited to occasional bilateral reaching and overhead reaching, would need to avoid concentrated use of moving machinery and concentrated exposure to unprotected heights. The claimant's work is limited to simple, routine, repetitive tasks and would be isolated from the public, with occasional supervisor and occasional interaction with co- workers.

(Document No. 11, p. 5) (quoting Tr. 101).

ALJ Sims' decision – on review here – found for the period of July 23, 2013 through June 14, 2016, that Plaintiff had the RFC to perform light work with the following limitations:

> only occasional climbing, stooping, kneeling, crouching, and crawling; occasional overhead reaching with the right upper extremity; frequent but not constant handling and fingering with the dominant right upper extremity; avoid concentrated exposure to hazards; simple, routine, repetitive tasks in a stable environment at a nonproduction pace with occasional interpersonal interaction.

(Document No. 11, p. 5) (quoting Tr. 24).

Defendant asserts that ALJ Sims' decision not to adopt "every limitation in ALJ Chin's RFC finding, despite giving the finding great weight, [does not warrant] remand." (Document No. 11, p. 6). Defendant notes that ALJ Sims opined that he accorded ALJ Chin's "findings great weight as little time has lapsed between the period ALJ Chin adjudicated and the period under adjudication here, and the evidence of record here does not warrant making a significantly different finding with respect to the period under consideration here." Id. (quoting Tr. 32) (citing Tr. 97-106).

In support of this argument, Defendant makes four assertions. (Document No. 11, pp. 7-19). First, Defendant asserts that "there is no inconsistency between giving great … weight to a finding … and declining to adopt every aspect of it." (Document No. 11, p. 7) (citing Burge v. Colvin, No. 7:15-cv-00248-D, 2016 WL 6902118, at *7 (E.D.N.C. Oct. 24, 2016)). Second,

9

Defendant asserts that Plaintiff "fails to account in her argument for the fact that ALJ Sims found some limitations that *exceed* those found by ALJ Chin … including with respect to [depression,] Plaintiff's primary reason for alleging disability." (Document No. 11, pp. 8-9) (emphasis added) (citing Tr. 24, 25, 28, 44, 101). Third, Defendant asserts that "Plaintiff's failure to argue, let alone prove, greater functional limitation based on the medical evidence undermines her argument that remand is warranted." (Document No. 11, p. 10). Fourth, Defendant asserts that "ALJ Sims'[s] not including in his RFC finding every limitation from ALJ Chin's RFC finding does not constitute error or harmful error." (Document No. 11, p. 10). Elaborating on the fourth assertion, Defendant addresses the disparities between the RFC limitations that ALJ Chin found and those that ALJ Sims found. (Document No. 11, pp. 11-19).

First, with respect to "climbing and balancing," Defendant contends that ALJ Sims' RFC limitations were not made in error, and even if they were, the error would be harmless because the DOT entries for the jobs identified by the VE and cited by ALJ Sims at step 5 of the disability analysis make clear that none of those jobs require climbing or balancing. (Document No. 11, pp. 11-12) (citing DOT 706.684- 022 (small-parts/products assembler), 1991 WL 679050; DOT 726.687-010 (electronics worker), 1991 WL 679633; DOT 222.387-034 (shipping-and-receiving weigher or material clerk), 1991 WL 672099).

Second, with respect to "reaching," Defendant points to the many pieces of evidence that ALJ Sims noted in making his findings regarding reaching. (Document No. 11, pp. 12-16) (citing Tr. 24, 25, 28, 29, 30-31, 52, 53, 300, 643 659, 673, 807, 882, 933, 962-963, 990-91). Defendant thus contends that ALJ Sims' "reasonable findings … should not be disturbed." (Document No. 11, p. 16).

10

Third, with respect to "hazards," Defendant contends that ALJ Sims' RFC limitation in this area is "broader" than that of ALJ Chin, because ALJ Sims restricts Plaintiff from concentrated exposure to hazards in general—not just from concentrated use of moving machinery and concentrated exposure to unprotected heights. (Document No. 11, p. 16) (citing Tr. 24, 101). Moreover, Defendant asserts that based on their DOT descriptions, none of the jobs identified by the VE and cited by ALJ Sims at step five involve concentrated exposure to hazards. (Document No. 11, p. 17) (citing DOT 706.684- 022 (small-parts/products assembler), 1991 WL 679050; DOT 726.687-010 (electronics worker), 1991 WL 679633; DOT 222.387-034 (shipping-and-receiving weigher or material clerk), 1991 WL 672099).

Fourth, with respect to "interpersonal interaction," Defendant contends that ALJ Sims "provided [a] reasonable, thorough, and well-cited" explanation for his RFC limitation of occasional interpersonal interaction. (Document No. 11, p. 18) (citing Tr. 24-28). In addition, Defendant asserts that even if ALJ Sims had adopted ALJ Chin's RFC limitations regarding interpersonal interaction, Plaintiff could still perform the jobs identified by the VE and cited by ALJ Sims because the DOT entries for these jobs identify the extent to which they require interpersonal interaction—specifically, taking instructions and helping—as "not significant." (Document No. 11, p. 18) (citing DOT 706.684- 022 (small-parts/products assembler), 1991 WL 679050; DOT 726.687-010 (electronics worker), 1991 WL 679633; DOT 222.387-034 (shipping-and-receiving weigher or material clerk), 1991 WL 672099).

The undersigned is persuaded by Defendant's argument. ALJ Sims did not err by failing to incorporate into Plaintiff's RFC every limitation that ALJ Chin found. Plaintiff correctly notes that ALJ Sims gave ALJ Chin's findings "great weight pursuant to Albright [and AR 00-1(4)]." (Document No. 9-1, p. 8) (citing Tr. 32). But the undersigned agrees with Defendant that "there

is no inconsistency between giving great … weight to a finding … and declining to adopt every aspect of it." (Document No. 11, p. 7); see also Fender v. Berryhill, No. 1:17-cv-041-RJC, 2018 WL 1536485, at *5 (W.D.N.C. Mar. 29, 2018) (holding that an ALJ's decision not to adopt a specific limitation from a medical opinion to which the ALJ gave "great weight" did not constitute error). Moreover, ALJ Sims cited extensively to the record in explaining why he included certain limitations in the RFC finding. (Tr. 26-31). Accordingly, the undersigned finds that despite giving ALJ Chin's findings "great weight," ALJ Sims did not err by failing to incorporate into Plaintiff's RFC *every* limitation that ALJ Chin found. See Eurey v. Berryhill, No. 5:17-CV-065-DSC, 2017 WL 6349240, at *3 (W.D.N.C. Dec. 12, 2017) (holding that despite giving state psychological consultant opinions "significant weight," the ALJ's failure to incorporate all the limitations in those opinions was not error when "the ALJ thoroughly explained her evaluation of Plaintiff's non-exertional limitations and included those limitations supported by the record").

The undersigned observes, *inter alia*, that both ALJ Chin and ALJ Sims found that Plaintiff had moderate difficulties in concentration, persistence or pace; however, only the Sims' RFC properly accounted for those difficulties pursuant to Mascio v. Colvin. See (Tr. 23-24, 100-101). It appears that ALJ Sims considered substantial evidence from an appropriate time period and current legal authority, in reaching a well-supported decision. If ALJ Sims had simply incorporated ALJ Chin's limitations into the new RFC, it would have very likely been cause for remand.

The undersigned further notes that Plaintiff's own cited authority directs that an ALJ must *consider* prior administrative findings as evidence, but does not require that the ALJ must *incorporate* prior findings. (Document No. 9-1, pp. 7-8) (citation omitted). Here, it is clear that ALJ Sims considered the prior administrative findings and then, based on substantial evidence,

12

issued his own decision also determining that Plaintiff was not disabled during the period under review.

## IV. CONCLUSION

In short, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Judgment Remanding The Cause For A Rehearing" Document No. 9) be **DENIED**; the "Defendant's Motion For Summary Judgment" (Document No. 10) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889

13

F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 21, 2018

David C. Keesler
United States Magistrate Judge